Hans WALKER, Respondent–Appellee,

v.

Tyrone JAMES, Petitioner–Appellant.

No. 03–2685.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2004.

Bobbi C. Sternheim, New York, NY, for Appellant.

Karol B. Mangum, Assistant District Attorney Kings County (Charles J. Hynes, District Attorney Kings County, Leonard Joblove, Victor Barall, Assistant District Attorneys), Brooklyn, NY, for Appellee, of counsel.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

The petitioner-appellant, Tyrone James, appeals from the denial of his petition for a writ of habeas corpus. James was convicted, following a state jury trial, of two counts of murder in the second degree, under New York Penal Law § 125.25(3), and one count each of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, under New York Penal Law §§ 265.03, 265.02(4). James appealed his conviction to the Appellate Division, claiming that a videotaped statement he made, which was admitted at trial (with some redactions), was obtained in violation of his Fifth Amendment right against self-incrimination, and that the trial court erred in failing to remove several jurors. The Appellate Division affirmed. *People v. James*, 676 N.Y.S.2d 628, 253 A.D.2d 438 (2d Dep't 1998). Leave to appeal to the New York Court of Appeals was denied. *People v. James*, 703 N.E.2d 280, 92 N.Y.2d 926, 680 N.Y.S.2d 468 (1998). James filed a timely petition for a writ of habeas corpus, which was denied. *James v. Walker*, Nos. 99–CV–6191, 03–MISC–0066, 2003 WL 22952861, 2003 U.S. Dist. LEXIS 20729 (E.D.N.Y. Aug. 28, 2003).

This Court reviews *de novo* a district court's decision to grant or deny a habeas petition. *Harris v. Kuhlmann*, 346 F.3d 330, 342 (2d Cir.2003). However, we review a district court's findings of fact for clear error. *Jenkins v. Artuz*, 294 F.3d 284, 290 (2d Cir.2002).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a habeas petition on behalf of a state prisoner with respect to any claim "adjudicated on the merits" by a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). "Th[e] statutory phrase ["clearly established Federal law, as determined by the Supreme Court of the United States"] refers to the holdings ... of [the Supreme] Court's decisions as of the time

of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An adjudication on the merits "is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Sellan v. Kuhlman,* 261 F.3d 303, 311 (2d Cir.2001). A state court need not "explicitly refer to either the federal claim or to relevant federal case law" for its adjudication on the merits to be entitled to AEDPA deference. *Id.*

Furthermore, a federal habeas court cannot review federal claims that were "defaulted ... in state court pursuant to an independent and adequate state procedural rule" unless the petitioner can show "cause for the default and actual prejudice" or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If the last state court to which a petitioner presented his federal claims plainly states that it is relying on an independent and adequate state ground in rejecting the federal claims, a federal habeas court cannot review those claims. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

█ In this case, it is clear that the Appellate Division—and, previously, the state hearing court—adjudicated on the merits James's claim that his videotaped confession was obtained in violation of the Fifth Amendment. *People v. James,* 253 A.D.2d at 439–40, 676 N.Y.S.2d 628. The Appellate Division's decision, which agreed with the hearing court, was neither "contrary to" nor an "unreasonable application of" Supreme Court case law. When a defendant has made a statement without having been given prior *Miranda* warnings, and *Miranda* warnings are then administered, "the admissibility of any subsequent statement should turn ... solely on whether it is knowingly and voluntarily

made." *Oregon v. Elstad,* 470 U.S. 298, 309, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). (We note that Supreme Court cases—including *Missouri v. Seibert,* —— U.S. ——, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004)—decided after the Appellate Division's decision and the Court of Appeals's denial of leave to appeal do not apply here under AEDPA. *See Williams,* 529 U.S. at 412, 120 S.Ct. 1495.) To determine whether a statement was coerced, a court must "examine[ ] 'whether a defendant's will was overborne' by the circumstances surrounding the giving of a confession[,] ... tak[ing] into consideration 'the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation.' " *Dickerson v. United States,* 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)); *see also Parsad v. Greiner,* 337 F.3d 175, 183 (2d Cir.2003). In this case, the record does not indicate that any "deliberately coercive or improper tactics," *Elstad,* 470 U.S. at 314, 105 S.Ct. 1285, were used at any point in James's interrogation. Regarding James's videotaped statement, the state hearing court's factual findings—including that James acknowledged that he understood the *Miranda* warnings provided to him by the assistant district attorney, that he seemed relaxed, alert, cooperative, and forthcoming during the videotaped questioning, and that he was familiar with police custody given his previous arrests—are presumed to be correct, *see* 28 U.S.C. § 2254(e)(1), and James has not rebutted this presumption by "clear and convincing evidence," *id.* Therefore, the facts support the state court's determination that, after the administration of *Miranda* rights by the assistant district attorney, James knowingly and intelligently waived his rights and made a voluntary videotaped statement.

In addition, the state hearing court's finding that James did not feel so constrained by his earlier statements that the "cat was out of the bag"—which was accepted by the Appellate Division, *People v. James,* 253 A.D.2d at 440, 676 N.Y.S.2d 628—is consistent with the Supreme Court's statements that "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion" because a "subsequent administration of *Miranda* warnings ... ordinarily should suffice to remove the conditions that precluded admission of the earlier statement." *Elstad,* 470 U.S. at 314, 105 S.Ct. 1285; *see also United States v. Bayer,* 331 U.S. 532, 540–41, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947).

Thus, the state courts' determination that James's videotaped statement was not obtained in violation of the Fifth Amendment was neither contrary to, nor an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, nor was it "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

■ Furthermore, this Court cannot review James's claim that the trial court's failure to remove one or more jurors deprived him of his constitutional right to a fair trial. The Appellate Division concluded that this claim was procedurally barred. *People v. James,* 253 A.D.2d at 440, 676 N.Y.S.2d 628 (citing N.Y.Crim. Proc. § 470.05(2)). Therefore, this Court is barred from engaging in habeas review of this claim unless James shows "cause for the default and actual prejudice" or that a "fundamental miscarriage of justice" will result from not considering the claim, *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. In this context, " 'cause' ... must be something *external* to the petitioner, something that cannot fairly be attributed to him."

*Id.* at 753, 111 S.Ct. 2546 (emphasis in original). James has not pointed to any cause for the default; the state trial court's statement that it would deny a motion for mistrial does not constitute cause for failing to make a specific motion for the removal of jurors. In addition, we agree with the district court that, "[i]n light of the great weight of the evidence against [him]," James has not succeeded in showing that a fundamental miscarriage of justice would result if his claim is not reviewed. *See James,* 2003 WL 22952861, at *7, 2003 U.S. Dist. LEXIS 20729, at *21.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.